# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAVIN E. BURTON,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>BRUCE HOWARD, Warden of the  )<br>Howard McLeod Correctional  )<br>Center,  )<br>Respondent.  ) | Case No. CIV-12-463-JHP-KEW |

## OPINION AND ORDER

This matter comes before the court on respondent's Motion to Dismiss (Dkt. # 8) petitioner's *pro se* petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. The petitioner has filed an objection to the motion (Dkt. # 8).

The petitioner is an inmate housed at the Howard McLeod Correctional Center in Atoka, Oklahoma. The petitioner is not challenging his conviction. Rather, he challenges the loss of 365 earned credits following a prison disciplinary hearing. The petitioner claims he was denied due process rights in connection with an institutional disciplinary proceeding, because there was insufficient evidence to support his finding of guilt for the misconduct offense of possession of contraband. He claims he "is innocent of the disciplinary charges and claims Constitutional violations have been made by employees of the Oklahoma Department of Corrections." *See*, Dkt. # 1. Respondent argues that the petitioner failed to

exhaust his state judicial remedies and, therefore, is procedurally barred from seeking relief herein. In his objection, the petitioner claims that exhaustion is futile.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). While 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, the Tenth Circuit has held that exhaustion is a prerequisite for § 2241 relief. *Garza v. Davis*, 596 F.3d 1198 (10th Cir. 2010). "[T]he federal claim must be fairly presented to the state courts so that the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding." *Ogle v. Johnson*, 488 F.3d 1364, 1368 (11th Cir.2007) (internal quotation marks omitted) (citation omitted). Where a claim has not been exhausted, federal courts do not have the authority to grant a writ of habeas corpus unless the State expressly waives exhaustion, 28 U.S.C. § 2254(b)(1) and (3), or "doing so would be futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007) (quoting 28 U.S.C. § 2254(b)(1)). Where state court remedies are no longer available because the inmate failed to comply with the procedures for seeking review, the inmate's procedural default functions as a bar to federal habeas review. *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006). The procedural default may be excused, however, if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate

that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Inmates have a liberty interest in earned credits which cannot be denied without minimal due process safeguards. *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007). Prison disciplinary proceedings are not, however, a part of a criminal prosecution and, therefore, the full panoply of due process rights afforded to defendants in a criminal prosecution do not apply. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Additionally, revocation of good time credits must be supported by "some evidence" in order to comport with the minimum requirements of procedural due process. *Id*., at 455. Determining whether this standard is met "does not require examination of the entire record, independent assessment of the credibility of witness, or weighing of the evidence." *Id*. Rather, the only issue is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.*, at 455-456. The decision of the disciplinary board can be upheld "even if the evidence supporting the decision is 'meager'." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

A review of the petition filed herein establishes that the petitioner failed to follow all of the Oklahoma procedures necessary for the state district court to review his prison disciplinary proceeding. Specifically, 57 OKLA. STAT. § 546.1 provides for judicial review of prison disciplinary proceedings. In this case, the petitioner initially followed the statutory procedure for obtaining review by filing a Petition for Judicial Review in Oklahoma County, Case No. CV-2012-195. *See*, Dkt. # 1, at pp. 35- 45 and Dkt. # 7-8. On February 14, 2012, however, notice was given to the plaintiff that he had 180 days to obtain service of summons upon the defendants. Dkt. # 1, at p. 51. Before the 180 days had expired, on June 5, 2012, the petition was dismissed without prejudice, however, because the petitioner "failed to issue summons or file a waiver within ninety (90) days of the date of the filing of the petition pursuant to Rule 9(a) of the Rules for District Courts." *See*, Dkt. #s 1, at p. 53 and Dkt. # 7-10. Thereafter, on August 16, 2012, the petitioner filed a motion to reconsider which was denied because it was not timely filed.[1] *See*, Dkt. # 7-11. Thus, the petitioner's claim is procedurally barred from seeking relief in federal court.

Even assuming that petitioner's claims were not procedurally barred, the petitioner would not be entitled to relief. The documentation submitted by petitioner establishes he was provided notice of the charges against him, he was given an opportunity and did call witnesses, and the factfinder explained the evidence relied upon and the reason for the disciplinary action in accordance with the mandates of *Superintendent, Mass. Corr. Inst. v.*

---

[1] Under Oklahoma law, a motion to reconsider must be filed within ten (10) days after the judgement is filed. *Davis v. Martin Marietta Materials, Inc.*, 246 P.2d 454 (Okla. 2010).

*Hill*, *supra*. *See*, Petitioner's Exhibits 1 - 9, Dkt. # 1, at pp. 17 - 25. Additionally, the copy of the Incident Report attached to the petition clearly provides "some evidence" to support the finding of guilt in the disciplinary proceeding in the form of the correctional officer's statements that he had discovered contraband consisting of a "package contain[ing] 2 rolled cigarette looking items" and "4 more same rolled cigarette items" which "smelled like incense" on the petitioner and that the petitioner had admitted that he had been given the package by another inmate to sell. *Id.* While the petitioner asserts that he did not make the statement to the correctional officer, petitioner does not deny that he had the contraband which the offense report indicates was seized from him. Thus, plaintiff has failed to establish that he is entitled to the habeas relief requested. Accordingly, his § 2241 habeas petition shall be dismissed with prejudice.

A certificate of appealability (COA) is required in proceedings under § 2241. 28 U.S.C. § 2253(c)(1)(A); *see*, *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (holding that "a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241"). Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right" and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-1604 (2000)(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability is, therefore, denied.

Accordingly, it is hereby ordered that Respondent's Motion to Dismiss (Dkt. # 7) is hereby granted and the Petition for Writ of Habeas Corpus is **denied** and this action is dismissed with prejudice. Furthermore, a certificate of appealability is **denied**.

It is so ordered on this  9th  day of August, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma